*In re* NOLAN'S PETITION FOR REINSTATEMENT.

ATTORNEY AND CLIENT—REINSTATEMENT OF ATTORNEY.

Where attorney had been impeached from office of probate judge and resigned as a member of the bar on the eve of hearing in disbarment proceedings somewhat less than six months before applying for reinstatement, and proven charges of misconduct were such as to support a disciplinary order more severe than mere suspension for such a short time and his subsequent conduct is not compatible with moral responsibilities which should be possessed by members of the bar, reinstatement is denied.

Michael E. Nolan filed his petition for reinstatement as a member of the State Bar of Michigan. Submitted March 26, 1944.   (Calendar No. 42,571½.)   Petition denied November 30, 1944.

*L. E. Garvin* (*Charles J. Kersten* and *Arlo A. McKinnon,* of counsel), for petitioner.

*Herbert J. Rushton,* Attorney General, *Harry W. Jackson,* Assistant Attorney General, and *Albert E. Blashfield,* for Board of Commissioners of State Bar of Michigan.

PER CURIAM.   Petitioner was admitted to practice law in the State of Michigan on October 25, 1926. He was elected judge of probate for Gogebic county in 1932, and was re-elected in 1936 and 1940.   He was impeached before the State senate for malfeasance in said office and after hearing thereon by the senate was removed from said office on May 20, 1943. Disbarment proceedings were instituted by the State Bar of Michigan and on the eve of a hearing thereon, on August 23, 1943, petitioner resigned as a member of the State Bar.   The commissioners of the State Bar recommended the acceptance of this resignation and petitioner was thereupon formally disbarred by this court from the practice of the law in this State by an order entered October 13, 1943.

On March 20, 1944, petitioner filed in this court a petition for reinstatement as a member of the State bar.   After a hearing thereon by the grievance committee of the State Bar for the 12th congressional district, a report was filed in this court by the committee recommending reinstatement.   The commissioners of the State bar have filed a brief in opposition thereto.

The court has had under consideration all of the testimony, recommendations and briefs filed in con-

nection with the matter. Petitioner's disbarment from the practice of the law has been in effect for little more than one year. His petition for reinstatement was filed less than six months from the date of his disbarment. The proven charges of misconduct as disclosed by the testimony were such as to support a disciplinary order more severe than mere suspension from the practice of the law for such a short period of time. Nor have the actions and conduct of petitioner since his disbarment been compatible with judicial canons or the moral responsibilities which should be possessed by members of the State bar. For these reasons the present petition is denied.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.